IN THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF VIRGINIA

Alexandria Division

| | |
|---|---|
| UNITED STATES OF AMERICA<br><br>v.<br><br>JOSE FRANCISCO CHOCON ISAPCHE<br><br>Defendant. | Criminal No. 1:24-mj-404 |

**AFFIDAVIT IN SUPPORT OF A**
**CRIMINAL COMPLAINT AND ARREST WARRANT**

I, Benjamin L. Dümmer, a Special Agent with Homeland Security Investigations, being first duly sworn, hereby depose and state as follows:

**INTRODUCTION AND AGENT BACKGROUND**

1. This affidavit is submitted in support of an application for a criminal complaint charging Jose Francisco Chocon Ispache (hereinafter "CHOCON"), with unlawfully, knowingly, and intentionally importing or attempting to import, into the United States from a place outside thereof – to wit, Panama City, Panama, 5 kilograms or more of a mixture or substance containing a detectable amount of cocaine, a Schedule II controlled substance in violation of Title 21 United States Code Sections 952(a) and 960.

2. I am a Special Agent with the United States Department of Homeland Security, Immigration and Customs Enforcement, Homeland Security Investigations (HSI), and have been employed in this capacity since January of 2022. I am currently assigned to the Office of the Special Agent in Charge in Washington D.C., Border Enforcement Security Task Force (B.E.S.T.). Previously, I was a United States Secret Service Special Agent from 2018 to 2022, and a police officer with the United States Marine Corps from 2017 to 2018.

3.	HSI is responsible for enforcing federal criminal statutes prohibiting, among other things, the importation of controlled substances into the United States, in violation of Title 21, United States Code, Section 952(a) and 960.  I attended the HSI Special Agent Training in Glynco, Georgia, where I learned how to investigate federal crimes involving illegal drug smuggling, weapons smuggling, money laundering, bulk cash smuggling, counterfeit monetary instruments, and the illegal exportation of licensable munitions list items.

4.	During the course of my career, I have become familiar with some of the tactics and methods used by drug traffickers to smuggle and safeguard drugs and to manufacture and distribute drugs.  I have been directly involved in cases related to illegal drug smuggling where I have conducted initial arrests and seized evidence of violations of federal law.  In addition, I communicate regularly with federal, state, and local law enforcement who are familiar with the manner in which drug traffickers operate.

5.	The facts and information contained in this affidavit are based upon my personal knowledge of the investigation and information obtained from other state and federal law enforcement officers.  All observations not personally made by me were relayed to me by the individuals who made them or are based on my review of reports, documents, and other physical evidence obtained during the course of this investigation.

6.	This affidavit is intended to show only that there is sufficient probable cause for the requested criminal complaint and is not intended to include each and every fact and matter observed by me or known to the government.

## PROBABLE CAUSE

7.	On or about October 5, 2024 at approximately 1:30 A.M., CHOCON arrived at Washington Dulles International Airport, in Loudon County, Virginia, within the Eastern District

of Virginia, on Copa Airlines Flight Number 448 from Tocumen International Airport in Panama City, Panama. CHOCON is a citizen of Guatemala, and was traveling on a B1/B2 U.S. Visa attached to a Guatemalan passport.

8. At the U.S. Customs and Border Protection (CBP) inspection area, CBP Officers referred CHOCON for a secondary inspection.

9. While CHOCON waited in the secondary inspection area, a CBP Officer called CHOCON's name aloud. CHOCON emerged from the group of individuals waiting in the secondary inspection area to claim his bags.

10. The CBP Officer then conducted an inspection of CHOCON's bags. Inside one of the bags was a large cardboard box filled with chocolate bars, coffee, and ten rectangular packages imitating hot chocolate mix. The CPB Officer cut open one of the rectangular packages imitating hot chocolate mix and discovered a white powder with a strong smell. CHOCON did not appear to react when the white powder was discovered.

11. Law enforcement then cut open all ten rectangular packages imitating hot chocolate mix, and each of the ten packages contained the white powder. The white powder from each of the ten packages was field tested, and each test came back positive for cocaine. The total weight of the cocaine was approximately 12.88 kilograms.

12. CHOCON's two other bags contained no contraband.

13. Law enforcement provided CHOCON his *Miranda* rights in his native Spanish language. CHOCON waived his *Miranda* rights and proceeded to speak with law enforcement.

14. CHOCON stated that he has worked as a courier for a courier company for the past two years. He stated that the courier company had a total of six employees. CHOCON stated that he initially planned to travel to the United States with two bags, but an individual he referred to as

his "boss" at the courier company instructed him to carry the third bag at the last minute; this third bag contained the cocaine.

15. CHOCON intended to meet another individual whom he referred to as a "co-worker" while at Dulles International Airport. The "co-worker" was arriving at Dulles International Airport later in the day via another Copa Airlines Flight, and would take possession of the bag and bring it to its final destination. CHOCON stated that he did not know what the final destination for the bag was. CHOCON stated that his own final destination was Texas, where he would deliver the items contained in the other two bags (such as food and clothing) that he was travelling with due to his role as a courier.

16. CHOCON stated that his "boss" previously approached CHOCON about bringing bags into the United States. CHOCON stated that he had previously checked the contents of the bags he carried on his prior trips, and further stated he was not aware of any narcotics contained in the bags from his prior trips. CHOCON stated that he did not check the contents of the bag before traveling this time, however, because he trusted his "boss." CHOCON stated that he did not ask his "boss" what was inside the bag. CHOCON further stated that the "co-worker" to whom he was to deliver the bags is doing much better financially than the other employees in the courier company, and that the "co-worker" acts suspicious when around bags that are to be transported.

17. CHOCON consented to a search of his cell phone and provided the passcode to his cell phone. CHOCON stated that he had deleted the text message conversations with his "boss."

18. CHOCON stated that he frequently travels to Texas and California. A review of CHOCON's border crossings revealed that he had crossed the United States border by air travel approximately 100 times in the year 2024 alone.

## CONCLUSION

19. Based upon the foregoing, I submit there is probable cause to believe that on October 5, 2024, within the Eastern District of Virginia, CHOCON did unlawfully, knowingly, and intentionally import or attempted to import, into the United States from a place outside thereof – to wit, Panama City, Panama, – 5 kilograms or more of a mixture or substance containing a detectable amount of cocaine, a Schedule II controlled substance, in violation of Title 21 United States Code Sections 952(a) and 960.

Respectfully submitted,

*Benjamin L. Dümmer*
Benjamin L Dümmer
Special Agent
Homeland Security Investigations

Subscribed and sworn to before me on October 6, 2024.

Digitally signed by Ivan Davis
Date: 2024.10.06 12:23:01 -04'00'

The Honorable Ivan D. Davis
United States Magistrate Judge